## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNARD NOBLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11553** |
| **STATE OF LOUISIANA** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I. Factual and Procedural Background

The petitioner, Bernard Noble ("Noble"), is a convicted inmate incarcerated in the Bossier Medium Security Facility in Plain Dealing, Louisiana.[2] On November 3, 2010, Noble was charged by Bill of Information in Orleans Parish with fourth offense possession of a marijuana.[3] He was tried before a jury on May 17, 2011, and was found guilty as charged.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 9, Docket Entry, 11/3/10.

[4] St. Rec. Vol. 1 of 9, Trial Minutes, 5/17/11; St. Rec. Vol. 3 of 9, Jury Verdict, 5/17/11. The state court opinions, records, and pleadings do not include a recitation of the facts proven at trial.

On September 21, 2011, the Trial Court denied Noble's motions for new trial and post-verdict judgment of acquittal.[5] At a hearing held November 2, 2011, the Trial Court sentenced Noble to serve five years in prison.[6] The Court also received testimony related to the State's multiple bill, charging Noble as a fourth felony offender.[7] On November 7, 2011, the Trial Court found Noble to be a third felony offender and on December 15, 2011, resentenced him to serve five years in prison as a third offender without benefit of parole, probation, or suspension of sentence.[8]

On February 10, 2012, the State filed a writ application with the Louisiana Fourth Circuit challenging the Trial Court's downward departure to a sentence below the minimum of the statutory sentencing range of 160 months to 40 years for a third offender.[9] On March 9, 2012, the Louisiana Fourth Circuit granted the writ application and remanded the matter for the Trial Court to provide reasons why the five year sentence imposed was the maximum sentence that could be imposed without being constitutionally excessive.[10]

---

[5] St. Rec. Vol. 3 of 9, Trial Court Ruling, 9/21/11; Motion for New Trial and for Post-Verdict Judgment of Acquittal, 9/6/11; State Opposition, dated 9/14/11.

[6] St. Rec. Vol. 1 of 9, Sentencing Minutes, 11/2/11; St. Rec. Vol. 2 of 9, Hearing Transcript, 11/2/11.

[7] St. Rec. Vol. 1 of 9, Multiple Bill Hearing Minutes, 11/2/11; Multiple Bill, 6/20/11; St. Rec. Vol. 2 of 9, Hearing Transcript, 11/2/11; St. Rec. Vol. 3 of 9, Motion for Downward Departure, 11/2/11.

[8] St. Rec. Vol. 1 of 9, Multiple Bill Hearing Minutes, 11/7/11; Sentencing Minutes, 12/15/11; St. Rec. Vol. 3 of 9, Trial Court Judgment, 11/7/11; Trial Court Ruling, 12/15/11; Hearing Transcript, 12/15/11.

[9] St. Rec. Vol. 7 of 9, 4th Cir. Writ Application, 2012-K-0186, 2/10/12.

[10] St. Rec. Vol. 7 of 9, 4th Cir. Order, 2012-K-0186, 3/9/12.

At a hearing held April 2, 2012, the state trial court[11] reviewed the record and provided additional reasons supporting and maintaining the previously imposed sentence of five years.[12] On May 10, 2012, the state filed a motion for the Trial Court to reconsider the sentence and provide reasons why a sentence greater than five years could not be imposed without being constitutionally excessive.[13]

Before the Trial Court ruled, on June 8, 2012, the State filed a writ application with the Louisiana Fourth Circuit asserting that the Trial Court had not justified the downward departure or clarified what would be the maximum sentence that would not be constitutionally excessive.[14] The Court denied the application on July 26, 2012, finding the reasons given by the Trial Court to be sufficient to justify the sentence.[15]

On April 19, 2013, however, the Louisiana Supreme Court granted the State's related writ application finding that the lower courts erred in the granting of the downward departure from the mandatory minimum habitual offender sentence of 160 months set by the legislature as well as affirming the downward departure to a five year sentence.[16] The Court vacated the Louisiana Fourth Circuit's judgment and remanded the matter.

---

[11]By this time, the original sentencing judge had retired and been replaced by a new presiding judge.

[12]St. Rec. Vol. 1 of 9, Sentencing Minutes, 11/2/11; St. Rec. Vol. 2 of 9, Hearing Transcript, 4/2/12.

[13]St. Rec. Vol. 3 of 9, State's Motion to Reconsider Sentence, 5/10/12.

[14]St. Rec. Vol. 7 of 9, 4th Cir. Writ Application, 2012-K-0850, 6/8/12.

[15]St. Rec. Vol. 7 of 9, 4th Cir. Order, 2012-K-0850, 7/26/12.

[16]*State v. Noble*, 114 So.3d 500 (La. 2013); St. Rec. Vol. 3 of 9, La. S. Ct. Order, 2012-K-1923, 4/19/13; La. S. Ct. Writ Application, 2012-K-1923, 8/24/12.

On May 7, 2013, the Trial Court resentenced Noble as a third offender to serve the minimum statutory sentence of 13 years and four months in prison.[17] The Louisiana Fourth Circuit affirmed the sentence on appeal on February 12, 2014.[18] Noble's request for rehearing was also denied.[19] On November 14, 2014, the Louisiana Supreme Court denied Noble's related writ application without stated reasons.[20]

On May 6, 2016, Noble signed and submitted an application for post-conviction relief to the Trial Court asserting, under a broad reading, that he was unlawfully seized, arrested, and his liberty restrained based on an unconstitutional statute.[21] While the application was pending, on December 5, 2016, Noble's counsel filed an unopposed, out of time motion to reconsider and reduce his sentence to eight years.[22] The Court granted the motion to reconsider on December 5, 2016, and resentenced Noble that day to serve eight years in prison at hard labor with credit for time served.[23] Noble did not seek review of the ruling or resentencing.

Noble's conviction and sentence became final thirty (30) days later, on January 4, 2017, when he did not move for leave to appeal the new sentence. La. Code Crim. P. art. 914;[24] *Butler*

---

[17]St. Rec. Vol. 1 of 9, Sentencing Minutes, 5/7/13; St. Rec. Vol. 6 of 9, Sentencing Transcript, 5/7/13.

[18]*State v. Noble*, 133 So.3d 703 (La. App. 4th Cir. 2014); St. Rec. Vol. 6 of 9, 4th Cir. Opinion, 2013-KA-1109, 2/12/14; Appeal Brief, 2013-KA-1109, 2/25/13.

[19]St. Rec. Vol. 9 of 9, 4th Cir. Notice, 2013-KA-1109, 3/17/14; St. Rec. Vol. 6 of 9, Application for Rehearing, 2013-KA-1109, 2/26/14.

[20]*State v. Noble*, 152 So.3d 878 (La. 2014); St. Rec. Vol. 9 of 9, La. S. Ct. Order, 2014-K-0795, 11/14/14; La. S. Ct. Writ Application, 14-K-0795, 4/16/14.

[21]St. Rec. Vol. 1 of 9, Application for Post-Conviction Relief, 5/18/16 (dated 5/6/16); Minute Entry, 5/18/16.

[22]St. Rec. Vol. 1 of 9, Motion to Reconsider Sentence, 12/5/16.

[23]St. Rec. Vol. 1 of 9, Hearing Minutes, 12/5/16.

[24]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as

*v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)); *Scott v. Hubert*, 635 F.3d 659, 665 (5th Cir. 2011) (same, citing *Burton*, 549 U.S. at 156).[25]

On May 5, 2017, the State filed objections to Noble's pending application for post-conviction relief indicating that the unopposed motion to resentence Noble was entered into by the State in lieu of answering the meritless claims in the post-conviction application.[26] At a hearing held August 30, 2017, the Trial Court denied the application.[27]

## II.    Federal Petition

On December 8, 2017, the clerk of this Court filed Noble's federal petition for habeas corpus relief in which he asserts the following grounds for relief:[28] (1) He is being unconstitutionally held in prison where the criminalization of possession of marijuana is an

---

amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[25]Contrary to the State's arguments, the Fifth Circuit has ruled on the relationship between resentencing, finality, and the AEDPA one-year statute of limitations.

[26]St. Rec. Vol. 1 of 9, State's Objections, 5/5/17; Minute Entry, 5/5/17.

[27]St. Rec. Vol. 1 of 9, Minute Entry, 8/30/17.

[28]Rec. Doc. No. 3.

arbitrary and unreasonable use of police powers; and (2) his sentence is unconstitutionally excessive and grossly disproportionate to the crime.

The State filed a response in opposition to Noble's federal habeas petition asserting that the claims have not been exhausted and are in technical procedural default.[29] Noble filed a reply to the State's opposition response asserting that his petition is timely filed and he exhausted available state court review when it filed his state application for post-conviction relief.[30]

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[31] applies to this petition, which is deemed filed in this Court no later than December 6, 2017.[32] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not

---

[29]Rec. Doc. No. 13.

[30]Rec. Doc. No. 14.

[31]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[32]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). As aptly noted by the State, the original pleading received by the clerk of this Court was not signed or submitted by Noble. It was submitted by a non-lawyer who failed to even indicate that he knew Noble or had any standing to present documents on his behalf. The clerk notified Noble that the filer's attempt was deficient, and Noble signed and dated his own application on December 6, 2017. This is the earliest date appearing in the record on which he could have handed his pleadings to prison officials for mailing to a federal court. The fact that the filing fee was paid does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

6

be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In its opposition response, the State asserts that Noble failed to exhaust state court review of his claims and may now be unable to do so, placing the claims in procedural default. Noble is still within the state statutory post-conviction period of two years from his 2017 resentencing and may still have rights under state law to pursue state post-conviction relief. It is not necessary for this federal court to resolve this state law issue, because it is clear from the record that Noble has not exhausted state court review before filing this federal habeas petition.

Therefore, the Court finds that the State is correct in its resolve that Noble failed to exhaust state court remedies. Noble's petition should be dismissed without prejudice for this reason.

## IV. <u>Exhaustion Doctrine</u>

Noble asserts that his detention is based on an unconstitutional criminalization of the possession of marijuana and that his sentence is excessive and grossly disproportionate to the crime. He asserted the challenge to the constitutionality of the crime in a post-conviction application to the state trial court. The state trial court denied relief, and Noble sought <u>no</u> further review in the higher state courts. Noble also did not appeal or otherwise challenge in the state court his current eight-year sentence imposed by the state trial court on December 5, 2016. For these reasons, Noble has not given the Louisiana courts the opportunity to address his claims before pursuing federal habeas corpus relief.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419. "A federal habeas petition should

be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner. *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Noble must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner. Noble simply has not done so. He has made no effort to exhaust review of his claims, and based on his reply to the State's opposition, has no intention of doing so.

Noble therefore has denied the state courts the opportunity to review his substantive claims through the Louisiana Supreme Court. The record discloses no good cause for his failure to exhaust review of his claims, and there is none apparent from the record.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to allow Noble to exhaust state court review of his claims.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Labat's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[33]

New Orleans, Louisiana, this 16th day of July, 2018.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[33]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.